Lawrence Spasojevich (LS0945)
Spasojevich Law, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
Tele: (914) 487-3592
Email: ls@spasojevichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**FRANKLIN JUNIOR CASTRO**

**Plaintiff,**

Case No.: 1:26-cv-7121

**-against-**

**COMPLAINT**

**DOUGERT MANAGEMENT CORP.**

**Defendant.**

---

Plaintiff, FRANKLIN JUNIOR CASTRO, by and through the undersigned attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant, **DOUGERT MANAGEMENT CORP.,** and states as follows:

## INTRODUCTION

1. Plaintiff, FRANKLIN JUNIOR CASTRO, alleges, that under the Fair Labor Standards Act ("F.L.S.A.") and New York Labor Law ("N.Y.L.L."), Plaintiff, FRANKLIN JUNIOR CASTRO, is entitled to recover from the Defendant: (1) unpaid wages due under the N.Y.L.L.; (2) unpaid wages due under the F.L.S.A.; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy under 28 U.S.C. §§ 1331 and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367 in that the

claims arise out of the same set of operative facts and are so related to Plaintiff's Federal claims that they form of the same case or controversy.

3. Venue is proper in the EASTERN DISTRICT OF NEW YORK pursuant to 28 U.S.C. § 1391(b) because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

4. Plaintiff, FRANKLIN JUNIOR CASTRO, is a resident of Northampton County, Pennsylvania.

5. Upon information and belief, Corporate Defendant, DOUGERT MANAGEMENT CORP., is a business corporation existing under the laws of the State of New York, with a place of business located at 2881 Middletown Road, Bronx New York 10461, and is an "employer" for the purposes of the N.Y.L.L. and, at all relevant times, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the F.L.S.A..

## STATEMENT OF FACTS

### Facts Related to Unpaid Wages Claims For Plaintiff, FRANKLIN JUNIOR CASTRO

6. Plaintiff, FRANKLIN JUNIOR CASTRO, was employed from about August 2023 to February 2024 with the position title of superintendent.

7. Plaintiff, FRANKLIN JUNIOR CASTRO, duties, and responsibilities included care and maintenance of the following buildings with the, upon information and belief, following number of units:

a. 214 Malcolm X Boulevard, Brooklyn, NY 11221 (4 units);
b. 187 Malcolm X Boulevard, Brooklyn, NY 11221 (4 units);
c. 179 Malcolm X Boulevard, Brooklyn, NY 11221 (4 units);
d. 905A Gates Avenue, Brooklyn, NY 11221 (4 units);
e. 914 Gates Avenue, Brooklyn, NY 11221 (20 units);
f. 291 Malcolm X Boulevard, Brooklyn, NY 11233 (20 units); and

g. 281 Malcolm X Boulevard, Brooklyn, NY 11233 (4 units).

8. During the course of employment and upon recall and recollection, Plaintiff, FRANKLIN JUNIOR CASTRO, worked, on average, forty-six (46) to fifty-four (54) hours per week with a schedule of Monday–Friday, 8:00 a.m.–3:00 p.m., less a one-hour daily lunch break, 6:00 p.m. inspections of all buildings seven days per week until 7:00 p.m. or 7:30 p.m., additional midday inspections on Saturday and Sunday at 3:00 p.m. lasting until 4:00 p.m. to 4:30 p.m., and trash duties seven days a week at 9:00 p.m. until 10:00 p.m. to 10:30 p.m.

9. Plaintiff, FRANKLIN JUNIOR CASTRO, was compensated on an hourly basis with an effective hourly rate of compensation of $15.00 an hour and only paid for thirty-six (36) hours of work per week.

10. Plaintiff, FRANKLIN JUNIOR CASTRO, was not compensated at the overtime rate for every hour worked over forty (40) in a work week or for every hour worked.

*Hourly Minimum Wage Claim*

11. In the year 2023, the applicable New York State Minimum Wage Rate was $15.00.

12. In the year 2024, the applicable New York State Minimum Wage Rate was $16.00.

13. At all times applicable, the Federal Minimum Wage Rate was $7.50.

14. Plaintiff, FRANKLIN JUNIOR CASTRO, was only compensated for thirty-six (36) hours per week.

15. Therefore, Plaintiff, FRANKLIN JUNIOR CASTRO, was not compensated at the minimum wage rate for all hours worked.

16. Defendant knowingly and willfully operated with a policy of not paying Plaintiff wages owed under the F.L.S.A. and N.Y.L.L. and the supporting Federal and New York State Department of Labor Regulations.

*Per Unit Minimum Wage Claim*

17. Pursuant to § 141-1.2 of the Building Service Industry Order, Plaintiff was entitled to be paid $10.00 a unit in 2023 and $10.65 a unit per week in 2024 as the janitor of the above referenced buildings.

18. Therefore, Plaintiff was entitled to be paid $600.00 weekly in 2023 and $639.00 in 2024.

19. Plaintiff was compensated $540.00 a week, below the owed unit rate minimum wage.

20. Defendant knowingly and willfully operated with a policy of not paying Plaintiff wages owed under the N.Y.L.L. and the supporting New York State Department of Labor Regulations.

**Facts Concerning Record Keeping of Defendant**

21. Defendant failed to provide Plaintiff with a written notice of the employer's business information and wage information, including the rate and frequency of pay.

22. At all relevant times as applicable to this Complaint and upon information and belief, the Defendant failed to maintain accurate and sufficient time records.

23. Defendant did not provide Plaintiff with an accurate statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions, and net wages.

24. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the legally mandated wages for all hours worked in a work week.

25. As a result of not Defendant willfully withholding an accurate wage statement, notice, or summary, Plaintiff was tangibly affected as Plaintiffdid not have the means, knowledge, or ability to challenge, investigate, or advocate for the lawful wages owed by Defendant.

26. The forgoing conduct, as alleged, constitutes a willful violation of the N.Y.L.L. without a good or reasonable basis.

27. Due to the alleged conduct, Defendant substantially damaged Plaintiff.

**COUNT 1**
**[N.Y.L.L. § 198[1-b] - Failure to provide an Accurate Wage Notice]**

28. Each and every allegation and statement contained in preceding paragraphs of this Complaint is realleged and reasserted as if fully set forth herein.

29. Under Labor Law § 195(1)(a), New York employers must provide an employee, in both English and the employee's primary language, a written wage notice of the employer's business information and the employee's salary information, including the employee's rate and frequency of pay."

30. Pursuant to N.Y.L.L. § 198:

> If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each workday that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.

(N.Y.L.L. § 198[1-b]).

31. Here, Defendant willfully failed to supply a wage notice, as required by N.Y.L.L., § 195(1)(a), within ten (10) days of the start of employment.

32. Due to these willful violations of N.Y.L.L. § 195(1)(a) by Defendant, an award of statutory penalties of fifty dollars ($50.00) for each workday that the violations occurred or continue to occur, together with costs and reasonable attorney's fees shall be granted to Plaintiff.(N.Y.L.L. § 198[1-b]).

## COUNT 2
## [N.Y.L.L. § 198[1-d] - Failure to provide Accurate Wage Statements]

33. Each and every allegation and statement contained in preceding paragraphs of this Complaint is realleged and reasserted as if fully set forth herein.

34. N.Y.L.L., § 195(3) requires employers to provide employees with wage statements for each pay period accurately detailing employer identification as well as the employee's pay period dates, pay rate(s) and basis, gross and net wages, deductions, allowances, or supplements claimed, applicable overtime and piece-rate calculations.

35. Pursuant to N.Y.L.L. § 198[1-d]:

> If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each workday that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.

(N.Y.L.L. § 198[1-d]).

36. Here, Defendant willfully failed to supply an accurate wage statement as required by N.Y.L.L., § 195(3).

37. Due to these willful violations N.Y.L.L. § 195(3), an award of statutory penalties of two hundred fifty ($250.00) dollars for each workday that the violations occurred or continue to occur, together with costs and reasonable attorney's fees shall be granted to Plaintiff. (N.Y.L.L. § 198[1-d]).

**COUNT 3**
**[Violations of the F.L.S.A.]**

38. Each and every allegation and statement contained in preceding paragraphs of this Complaint is realleged and reasserted as if fully set forth herein.

39. At all relevant times, upon information and belief, Defendant were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

41. Upon information and belief, at all relevant times, Defendant had gross revenues in excess of $500,000.

42. Plaintiff was entitled to be paid for all hours worked in a workweek at the minimum wage rate as provided for in the FLSA.

43. Defendant failed to pay Plaintiff compensation in the lawful amount for all hours worked in a workweek as provided for in the FLSA.

44. At all relevant times, Defendant had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked in a workweek at the minimum wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

45. Defendant knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked at the minimum wage rate when Defendant knew or should have known such was due and that non-payment of the minimum wage rate would financially injure Plaintiff.

46. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

47. Defendant failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

48. At all relevant times, Defendant had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

49. Defendant knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendant knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

50. Defendant have failed to make, keep, and preserve records concerning each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

51. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendant failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

53. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

54. Due to the intentional, willful, and unlawful acts of the Defendant, Plaintiff suffered damages in and entitled to an award of an amount not presently ascertainable of unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest.

55. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT 4**
**[Violations of the N.Y.L.L.]**

56. Each and every allegation and statement contained in preceding paragraphs of this Complaint is realleged and reasserted as if fully set forth herein.

57. The wage provisions of the NYLL apply to Defendant and protect the Plaintiff.

58. Defendant, pursuant to policies and practices, refused and failed to pay the earned wage at the minimum wage rate to Plaintiff for all hours worked.

59. By failing to compensate Plaintiff with a wage at the minimum wage rate for all hours worked, Defendant violated Plaintiff’s statutory rights under the NYLL.

60. Defendant, pursuant to policies and practices, refused and failed to pay the wage earned at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in a workweek.

61. By failing to compensate Plaintiff for a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendant violated Plaintiff’s statutory rights under the NYLL.

62. The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

63. Therefore, Defendant knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation at the minimum wage rate for all hours worked and payment for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

64. Due to the Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

65. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully requested that that this Court grant the following relief:

(a) An award of unpaid wages due under F.L.S.A.;

(b) An award of liquidated damages and statutory penalties as a result of the failure pay all wages due under F.L.S.A. by Defendant, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to N.Y.L.L.;

(c) An award of unpaid wages due under N.Y.L.L.;

(d) An award of liquidated damages and statutory penalties as a result of the failure pay all wages due under N.Y.L.L. by Defendant, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to N.Y.L.L.;

(e) An award of pre-judgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
November 4, 2026

Respectfully submitted

By: Lawrence Spasojevich
Lawrence Spasojevich, Esq. (LS0945)